James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:  (212) 374-0009
F:  (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNY SANTOS,
*on behalf of herself and similarly situated employees*,

                      Plaintiff,

-against-

LOGON COMPUTER & MAILING SERVICES, INC.,
DANIEL ARNOWITZ, and DAN CANTELMO,
                      Defendants.

Case No.

**COMPLAINT**

ECF Case,

---

Plaintiff, ANNY SANTOS, on behalf of herself and similarly situated employees, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, LOGON COMPUTER & MAILING SERVICES, INC., DANIEL ARNOWITZ, and DAN CANTELMO (collectively, "the Defendants"), and state as follows:

### **INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she and similarly situated employees are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime wages; (3)

liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and similarly situated employees are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. Further, Plaintiff alleges that, pursuant to NYLL, she is entitled to recover payment of forty-one (41) vacation days from the Defendants.

4. Additionally, Plaintiff alleges that she and similarly situated employees are entitled to compensation and punitive damages from Defendants, for their unjust enrichment as Plaintiff and other similarly situated employees' expense, for failing to pay Plaintiff and similarly and other situated employees' wages and benefits owed for services rendered by Plaintiff and similarly situated employees to Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is an adult resident of Bronx County, New York.

8. Upon information and belief, Defendant, LOGON COMPUTER & MAILING SERVICES, INC., is a domestic business corporation, organized and existing under the

laws of the State of New York, with a place of business located at 520 8th Avenue, 14th Floor, New York, New York 10001.

9. Upon information and belief, Defendant, DANIEL ARNOWITZ, is an owner, officer, director and/or managing agent of LOGON COMPUTER & MAILING SERVICES, INC., who maintains a business address of 520 8th Avenue, 14th Floor, New York, New York 10001, and who participated in the day-to-day operations of LOGON COMPUTER & MAILING SERVICES, INC., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with LOGON COMPUTER & MAILING SERVICES, INC.

10. Upon information and belief, Defendant, DAN CANTELMO, is an owner, officer, director and/or managing agent of LOGON COMPUTER & MAILING SERVICES, INC., who maintains a business address of 520 8th Avenue, 14th Floor, New York, New York 10001, and who participated in the day-to-day operations of LOGON COMPUTER & MAILING SERVICES, INC., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with LOGON COMPUTER & MAILING SERVICES, INC.

11. Plaintiff was employed by Defendants for nineteen (19) years. Plaintiff was terminated on February 16, 2018.

12. At all relevant times, LOGON COMPUTER & MAILING SERVICES, INC. was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, Plaintiff and similarly situated employees' work regularly involved interstate commerce.

14. At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to the business operated by LOGON COMPUTER & MAILING SERVICES, INC.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees lawfully earned wages, overtime wages, and vacation days in contravention of the FLSA and NYLL.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. Approximately nineteen (19) years ago, Plaintiff was hired by Defendants to work in Defendants' mailing warehouse located at 520 8th Avenue, 14th Floor, New York, New York 10001.

18. On February 16, 2018, Defendants terminated Plaintiff's employment without notice.

19. During Plaintiff's employment by Defendants, she worked approximately forty seven (47) hours per week. Plaintiff generally worked five (5) days a week and nine and a half (9.5) hours each day.

20. During portions of her employment with Defendants, Plaintiff worked approximately seventy (70) hours per week. During those portions of her employment, Plaintiff generally worked seven (7) days a week and ten (10) hours each day.

21. Defendant, DANIEL ARNOWITZ, is an individual who, upon information and belief, owns the stock of LOGON COMPUTER & MAILING SERVICES, INC., owns LOGON COMPUTER & MAILING SERVICES, INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

22. Defendant DANIEL ARNOWITZ exercised control over the terms and conditions of Plaintiff and similarly situated employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

23. Defendant, DAN CANTELMO, is an individual who, upon information and belief, owns the stock of LOGON COMPUTER & MAILING SERVICES, INC., owns LOGON COMPUTER & MAILING SERVICES, INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

24. Defendant, DAN CANTELMO, exercised control over the terms and conditions of Plaintiff and similarly situated employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

25. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and similarly situated employees wages and overtime wages for the hours actually worked, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

26. Plaintiff and similarly situated employees have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

27. Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

31. Plaintiff and similarly situated employees were and continue to be entitled to be paid for all hours worked and an overtime wage as provided for in the FLSA.

32. Defendants failed to pay Plaintiff and similarly situated employees compensation in the lawful amount for all hours worked and an overtime wage as provided for in the FLSA.

33. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated employees for all hours worked in a work week and an overtime wage, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

34. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated employees for all hours worked and an overtime wage, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff and similarly situated employees.

35. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated employees and the actual compensation paid to Plaintiff and similarly situated employees are in the possession and custody of the Defendants. Plaintiff and similarly situated employees intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants failed to properly disclose or apprise Plaintiff and similarly situated employees of their rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and similarly situated employees suffered damages, in an amount not presently ascertainable, of unpaid wages, unpaid overtime, an equal amount as liquidated damages, and prejudgment interest thereon.

39. Plaintiff and similarly situated employees are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

40. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff and similarly situated employees.

42. Defendants, pursuant to their policies and practices, refused and failed to pay a wage and an overtime wage to Plaintiff and similarly situated employees for all hours worked.

43. By failing to compensate Plaintiff and similarly situated employees a wage for all hours worked and an overtime wage, Defendant violated Plaintiff's statutory rights under the NYLL.

44. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

45. Therefore, Defendants knowingly and willfully violated Plaintiff and similarly situated employees' rights by failing to pay Plaintiff and similarly situated employees compensation for all hours worked in a workweek and an overtime wage.

46. Due to the Defendants' NYLL violations, Plaintiff and similarly situated employees are entitled to recover from Defendants their unpaid wages and overtime wage, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff and similarly situated employees also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

**[Violation of New York Labor Law §190(1), §191(3), and §198]**

47. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. NYLL § 190(1) defines wages as including benefits or wage supplements as defined in NYLL § 198(c).

49. NYLL § 191(3) provides that an employer shall pay such wages not later than the regular pay day for the pay period during which employment was ceased.

50. As terms of her employment with Defendants, Plaintiff was entitled vacation days.

51. Defendants do not have an expressly written policy notifying Plaintiff that she would not be entitled to a "pay out" of her unused vacation days upon termination of her employment.

52. Defendants refused and failed to pay Plaintiff for forty-one (41) unused vacation days upon the termination of her employment.

53. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

54. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff her wages was entitled to under NYLL.

55. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT IV

### [Unjust Enrichment]

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. Defendants have been unjustly enriched at Plaintiff and similarly situated employees' expense by, among other items, failing to pay Plaintiff and similarly situated employees' wages and overtime pay for services rendered by Plaintiff and similarly situated employees to Defendants.

58. The circumstances are such that equity and good conscience require Defendants to full restitution to Plaintiff and similarly situated employees.

59. By reason of the foregoing, Plaintiff and similarly situated employees were damaged, and are entitled to judgement against Defendants, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff and similarly situated employees for Defendant's unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANNY SANTOS, on behalf of herself and similarly situated employees respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime wages due under the FLSA and NYLL;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages, overtime wages, and unpaid vacation days due under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages, overtime wages, and vacation days pursuant to the NYLL;

(e) An award of damages, both compensatory and punitive, to compensate for Defendants' unjust enrichment for failing to pay Plaintiff and similarly situated employees wages, overtime wages, and vacation days;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       March 16, 2018

Respectfully submitted

By:_____
James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:     (212) 374-0009
F:     (212) 374-9931
*Attorneys for Plaintiff*
Jsullivan@jfslaw.net

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Anny Santos, am an employee currently or formerly employed by Logon Computer & Mailing Services, Inc., and/or related entities. I consent to be a plaintiff in the above captioned lawsuit to collect unpaid wages.

Dated: New York, New York
       March 12, 2018

_____Anny Santos_____
(signature)

_____Anny Santos_____
Anny Santos