Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNY SANTOS,

           Plaintiff,

-against-

LOGON COMPUTER & MAILING SERVICES, INC.,
DANIEL ARNOWITZ, and DAN CANTELMO,

           Defendants.

Case No.
1:18-cv-02347(ALC)

**FIRST AMENDED COMPLAINT**

ECF Case,

---

Plaintiff, ANNY SANTOS by and through her undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this First Amended Complaint against Defendants, LOGON COMPUTER & MAILING SERVICES, INC., DANIEL ARNOWITZ, and DAN CANTELMO (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from the Defendants: (1) unpaid overtime; (2) unpaid vacation days; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Upon information and belief, Defendant, LOGON COMPUTER & MAILING SERVICES, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 520 8th Avenue, 14th Floor, New York, New York 10001.

7. Upon information and belief, Defendant, DANIEL ARNOWITZ, is an owner, officer, director and/or managing agent of LOGON COMPUTER & MAILING SERVICES, INC., who maintains a business address of 520 8th Avenue, 14th Floor, New York, New York 10001, and who participated in the day-to-day operations of LOGON COMPUTER & MAILING SERVICES, INC., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well

as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with LOGON COMPUTER & MAILING SERVICES, INC.

8. Upon information and belief, Defendant, DAN CANTELMO, is an owner, officer, director and/or managing agent of LOGON COMPUTER & MAILING SERVICES, INC., who maintains a business address of 520 8th Avenue, 14th Floor, New York, New York 10001, and who participated in the day-to-day operations of LOGON COMPUTER & MAILING SERVICES, INC., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with LOGON COMPUTER & MAILING SERVICES, INC.

9. Plaintiff was employed by Defendants for nineteen (19) years.

10. Plaintiff was terminated on February 16, 2018.

11. At all relevant times, LOGON COMPUTER & MAILING SERVICES, INC. was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, Plaintiff's work regularly involved interstate commerce.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by LOGON COMPUTER & MAILING SERVICES, INC.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, overtime wages, and vacation days in contravention of the FLSA and NYLL.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **STATEMENT OF FACTS**

16. Approximately nineteen (19) years ago, Plaintiff was hired by Defendants to work in Defendants' mailing warehouse located at 520 8th Avenue, 14th Floor, New York, New York 10001.

17. On February 16, 2018, Defendants terminated Plaintiff's employment without notice.

18. As will be demonstrated by Defendants' employment records, Plaintiff worked approximately forty seven hours per week, five (5) days a week, nine and a half (9.5) hours a day.

19. However, Defendants' time records do not fully account for all hours and days worked by Plaintiff.

20. During the portion of her employment with Defendants where Plaintiff was assigned to work offsite and in New Jersey on the "Disney Project" in the years of 2012, 2013, and 2014, Plaintiff worked approximately seventy (70) hours per week. During those portions of her employment, Plaintiff worked seven (7) days a week and ten (10) hours each day.

21. The total hours she worked during portions of Plaintiff's employment where she was assigned to work offsite in New Jersey on the "Disney Project" were not accurately reflected in Defendants' time records.

22. Defendant, DANIEL ARNOWITZ, is an individual who, upon information and belief, owns the stock of LOGON COMPUTER & MAILING SERVICES, INC., owns LOGON COMPUTER & MAILING SERVICES, INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

23. Defendant DANIEL ARNOWITZ exercised control over the terms and conditions of Plaintiff's employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

24. Defendant, DAN CANTELMO, is an individual who, upon information and belief, owns the stock of LOGON COMPUTER & MAILING SERVICES, INC., owns LOGON COMPUTER & MAILING SERVICES, INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

25. Defendant, DAN CANTELMO, exercised control over the terms and conditions of Plaintiff's employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

26. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff overtime wages for all hours worked over forty (40) in a work week, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

27. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

28. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "27" of this Complaint as if fully set forth herein.

29.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

32.    Plaintiff was and continues to be entitled to be paid an overtime wage for all hours worked over forty (40) in a work week as provided for in the FLSA.

33.    Defendants failed to pay Plaintiff an overtime wage as provided for in the FLSA.

34.    At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff an overtime wage for all hours worked over forty (40) in a work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

35.    Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff an overtime wage for all hours worked over forty (40) in a work week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

36.    Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff is in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to further amend this Complaint to set forth the precise amount due.

37.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages, in an amount not presently ascertainable unpaid overtime, an equal amount as liquidated damages, and prejudgment interest thereon.

40.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

41.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42.     The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

43.     Defendants, pursuant to their policies and practices, refused and failed to pay an overtime wage to Plaintiff for all hours worked over forty (40) in a work week.

44.     By failing to compensate Plaintiff an overtime wage for all hours worked over forty (40) in a work week, Defendants violated Plaintiff's statutory rights under the NYLL.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

46.     Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff an overtime wage for all hours worked over forty (40) in a work week.

47.     Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants their unpaid wages and overtime wage, reasonable attorneys' fees, and costs and disbursements

7

of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Violation of New York Labor Law §190(1), §191(3), and §198]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. NYLL § 190(1) defines wages as including benefits or wage supplements as defined in NYLL § 198(c).

50. NYLL § 191(3) provides that an employer shall pay such wages not later than the regular pay day for the pay period during which employment was ceased.

51. As terms of her employment with Defendants, Plaintiff earned vacation days.

52. Defendants have and continue to have a policy of not paying out vacation days at the end of an individual's employment only if the individual is discharged for cause or terminates their own employment.

53. Plaintiff was not discharged for cause or terminated her employment by Defendants.

54. Defendants refused and failed to pay Plaintiff for forty-one (41) unused vacation days.

55. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

56. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff the wages she was entitled to under NYLL.

57. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action,

pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 4

### [Failure to Provide Accurate Wage Statements]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

60. Through their knowing or intentional failure to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANNY SANTOS, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime wages due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of overtime wages and unpaid vacation days due under the NYLL;

9

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay overtime wages; failure to pay vacation days; and failure to provide accurate wage statements pursuant to the NYLL;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      July 23, 2018

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*
ls@jfslaw.net