UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNY SANTOS,<br><br>                    Plaintiff,<br><br>        v.<br><br>LOGON COMPUTER & MAILING SERVICES, INC., DANIEL ARNOWITZ, and DAN CANTELMO,<br><br>                    Defendants. | Case No. 18-cv-02347 (ALC) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants LOG-ON Computer & Mailing Services, Inc. ("LOG-ON"), Daniel Arnowitz, and Dan Cantelmo (collectively, "Defendants" or the Company"), by and through their attorneys, Goodstadt Law Group, PLLC, hereby answers the First Amended Complaint of Anny Santos ("Plaintiff") (the "Complaint") as follows:

**AS TO: "INTRODUCTION"**

1.      Defendants admit only that Plaintiff purports to have brought a civil action for violations of the Fair Labor Standards Act ("FLSA"), but specifically deny that there is any basis in law or in fact for such claims.

2.      Defendants admit only that Plaintiff purports to have brought a civil action for violations of the New York Labor Law ("NYLL") but specifically deny that there is any basis in law or in fact for such claims.

**AS TO: "JURISDICTION AND VENUE"**

3.      Paragraph 3 asserts legal conclusions to which no response is required.

4.      Paragraph 4 asserts legal conclusions to which no response is required.

## AS TO: "**PARTIES**"

5. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 5.

6. Admit the allegations in Paragraph 6 of the Complaint, except deny that LOG-ON's zip code is 10001.

7. Paragraph 7 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants admit that Defendant Arnowitz is an officer of Defendant LOG-ON and otherwise deny the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 9.

10. Admit the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 15 of the Complaint.

## AS TO: "STATEMENT OF FACTS"

16. Admit that Plaintiff was employed by Defendant LOG-ON.

17. Admit that Plaintiff was terminated by Defendant LOG-ON.

18. Deny the allegations in Paragraph 18 of the Complaint, and assert that those allegations are contradicted by documentary evidence.

19. Deny the allegations in Paragraph 19 of the Complaint, and assert that those allegations are contradicted by documentary evidence.

20. Deny the allegations in Paragraph 20 of the Complaint, and assert that those allegations are contradicted by documentary evidence.

21. Deny the allegations in Paragraph 21 of the Complaint, and assert that those allegations are contradicted by documentary evidence.

22. Paragraph 22 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

## AS TO: "COUNT 1"
## AS TO: "[Violations of the Fair Labor Standards Act]"

28. Defendants restate and incorporates by reference their responses to the preceding paragraphs as if fully set forth herein.

29. Paragraph 29 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 of the Complaint and assert that they are contradicted by documentary evidence.

37. Paragraph 37 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40 of the Complaint.

## AS TO: "COUNT 2"

## AS TO: "[Violation of New York Labor Law §§ 190 et al.]"

41. Defendants restate and incorporates by reference their responses to the preceding paragraphs as if fully set forth herein

42. Paragraph 42 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47 of the Complaint.

## AS TO: "<u>COUNT 3</u>"
## AS TO: "[Violation of New York Labor Law—New York Pay Stub Requirement]"

48. Defendants restate and incorporates by reference their responses to the preceding paragraphs as if fully set forth herein.

49. Paragraph 49 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

## AS TO: "COUNT 4"

## AS TO: "[Failure to Provide Accurate Wage Statements]"

58. Defendants restate and incorporates by reference their responses to the preceding paragraphs as if fully set forth herein

59. Paragraph 59 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

No response is required to Plaintiff's Prayer for Relief. To the extent a response is required, Defendants deny each and every sub-paragraph set forth in Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery establishes a basis therefore, Defendants hereby assert the following Affirmative Defenses to Plaintiff's Complaint:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The claims set forth in the Complaint are contradicted by documentary evidence.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Any actions and/or omissions by Defendants were in good faith and in conformity with or reliance on Administrative rules, regulations, orders, approval, interpretation, practice or enforcement policy and/or judicial orders and interpretations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no compensable damages caused by the actions alleged in the Complaint.

### SIXTH DEFENSE

The claims in the Complaint are barred, in whole or in part, by the *de minimis* doctrine.

### SEVENTH DEFENSE

Defendants did not knowingly, willfully, and/or with malicious intent engage in any misconduct or violation of applicable law.

### EIGHTH DEFENSE

The Defendants' actions were taken in good faith and were based upon reasonable grounds for believing that their conduct was not in violation of the FLSA.

### NINTH DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent that they seek compensation in this action for other than compensable working time.

### TENTH DEFENSE

The claims in the Complaint fail because at all times Plaintiff was paid all compensation due and owing in accordance with requirements of all applicable law.

### ELEVENTH DEFENSE

The claims in the Complaint are barred, or damages should be reduced, to the extent that Plaintiff was paid extra compensation which is creditable towards, or a setoff against, the additional compensation sought in this action.

### TWELFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff did not work any overtime for which she is entitled to compensation.

### THIRTEENTH DEFENSE

Defendant Arnowitz was not an "employer" under the FLSA or NYLL.

### FOURTEENTH DEFENSE

Defendant Cantelmo was not an "employer" under the FLSA or NYLL.

### FIFTEENTH DEFENSE

Any claim for damages alleged in the Complaint must be reduced by the application of the fluctuating workweek method of calculating salary and overtime under applicable federal and state law.

### SIXTEENTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, brought in bad faith, brought for an improper purpose and groundless and, accordingly, Defendants should recover all costs and attorneys' fees incurred herein.

## SEVENTEENTH DEFENSE

Whenever Defendants state in words of substance in this Answer that they are without information sufficient to form a belief as to the truth of any averment or that certain allegations assert legal conclusions to which no response is necessary, such statements have the effect of a denial.

## EIGHTEENTH DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to raise any and all defenses that may become evident during discovery or during any other proceeding in this action.

**WHEREFORE**, Defendants respectfully demand judgment dismissing Plaintiff's Complaint, together with an award for attorneys' fees and costs, and such other relief as this Court deems just and proper.

Dated: August 13, 2018
New York, New York                    Respectfully submitted,

**GOODSTADT LAW GROUP, PLLC**

_____
Andrew Goodstadt
George Vallas
520 Eighth Avenue, 14th Floor
New York, New York 10118
Telephone: (646) 430-8295
Fax: (646) 430-8294
gvallas@goodstadtlaw.com

*Attorneys for Defendants*